IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HOWARD EUGENE LINER                                         PETITIONER

VERSUS                                  CIVIL ACTION NO. 5:11-cv-11-DCB-RHW

BRUCE PEARSON                                              RESPONDENT

## ORDER

This matter is before the Court on petitioner's "Motion to Reconsider 2241" [10].  A Final

Judgment [6] dismissing the instant civil § 2241 habeas action pursuant to the Memorandum

Order and Opinion [5] was entered on March 3, 2011.   Even though a "motion for

reconsideration" is not explicitly recognized by the FEDERAL RULES OF CIVIL PROCEDURE, a

litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule

59(e) or as motion for "relief from judgment" under Rule 60(b).  *See Rogers v. KBR Technical*

*Services, Inc.*, 2008 WL 2337184, *5 (5th Cir. June 9, 2008)(citing *Lavespere v. Niagara Mach.*

*& Tool Works*, 910 F.2d 167, 173 (5th Cir.1990), abrogated on other grounds).  Having reviewed

the motion [10] as well as the record, this Court finds that this motion [10] will be construed as

one filed pursuant to Rule 59(e) since it was filed within 28 days of the judgment and as

discussed below, this Court finds that the motion [10] is not well taken and will be denied.

In order to obtain relief, petitioner "must clearly establish either a manifest error of law or

fact or must present newly discovered evidence" and "cannot be used to raise arguments which

could, and should, have been made before the judgment issued."  *Rosenzweig v. Azurix Corp.*,

332 F.3d 854, 863 (5th Cir.2003)(citation omitted).  The United States Court of Appeals for the

Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e) of the FEDERAL

RULES OF CIVIL PROCEDURE, a district court should consider the following non-inclusive factors:

(1) the reasons for petitioner's default;  (2) the importance of the evidence to petitioner's case;  (3)  whether the evidence was available to petitioner before they responded to the underlying motion; and  (4)  the likelihood that respondents will suffer unfair prejudice if the case is reopened.  *See Sturges v. Moore*, 73 Fed.Appx. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994).  Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion.  *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."  *Id*.

Petitioner argues in his motion [10] that this Court failed to "answer" any of the 12 claims set forth in the petition.  *See* Mot. [10] at 1.  However, after considering the arguments presented in the motion [10] as well as the basis of the decision set forth in the Memorandum Order and Opinion [5], this Court finds that petitioner has not offered any evidence or arguments that establishes that this Court failed to make the correct legal finding in the Memorandum Opinion and Order [5] entered on March 3, 2011.  Furthermore, petitioner has failed to meet the requisite legal standard for the Court to grant a motion pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE.  Accordingly, it is,

ORDERED AND ADJUDGED that petitioner's motion [10] will be construed as a Motion for Relief Pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE.

IT IS FURTHER ORDERED AND ADJUDGED that the motion [10] is **denied**.

SO ORDERED AND ADJUDGED this the ___11th___ day of April, 2011.

___s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE
